UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DANIELLE S. TACORONTE,
    Plaintiff,

Case No. 6:10-cv-01408-GKS-DAB

v.

ZAKHEIM & ASSOCIATES, P.A.,
ZWICKER & ASSOCIATES, P.C., RUBIN
& DEBSKI, P.A., FOCUS RECEIVABLES
MANAGEMENT, LLC.,
    Defendants.

_____/

## DEFENDANT FOCUS RECEIVABLES MANAGEMENT, LLC'S MOTION TO DISMISS COMPLAINT WITH PREJUDICE

Defendant, Focus Receivables Management, LLC ("Focus" or "Defendant"), pursuant to pursuant to Federal Rules of Civil Procedure 12(b)(6), respectfully files this Motion to Dismiss Plaintiff's Complaint with prejudice and as grounds, states as follows:

### I. INTRODUCTION

Plaintiff has made vague, factually unsupported allegations against Focus which cannot be cured by amendment, and thus, any amendment would be futile. Focus moves this Court to dismiss with prejudice, the claim asserted by Plaintiff against Focus Receivables Management, LLC. In sum, Plaintiff's Complaint should be dismissed for failure to state a plausible claim.

### II. BACKGROUND

Plaintiff filed this three count action against a number of Defendants alleging violations of the Fair Credit Reporting Act, 15 U.S.C § 1681 et seq.., (Count I) (hereinafter "FCRA"), Fair Debt Collection Practices Act, 15 U.S.C § 1692 et

seq..,(Count II) (hereinafter "FDCPA"), and violations of the Florida Consumer Collection Practices Act, Fla. Stat. § 559 et seq.., (Count III) (hereinafter "FCCPA") for alleged violations under the act involving alleged unauthorized credit report pulls from credit bureaus thereby lower Plaintiff's credit score[1]. [Doc. 1].

### III. MOTION TO DISMISS STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 129 S.Ct. at 1949 (quoting 550 U.S. at 555). Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of further factual enhancement." 129 S.Ct. at 1949 (quoting 550 U.S. at 557).

On a Rule 12(b)(6) motion, a complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. In *Twombly*, the Supreme Court upheld a Rule 12(b)(6) dismissal because the complaint did not allege sufficient facts showing a claim was plausible rather than merely conceivable. *Id.* at 570. Thus, "[i]n reviewing a motion to dismiss an action pursuant to Rule 12(b)(6)...[a court] must determine whether it is plausible that the factual allegations in the complaint are 'enough to raise a right to relief above the speculative

---

[1] Plaintiff did not seek relief against Focus in Count I of Plaintiff's Complaint under the FCRA, but instead seeks relief as to Focus under Counts II and III respectively.

level.'" *Andrew v. Clark*, 561 F.3d 261, 266 (4t Cir. 2009) (quoting *Twombly*, 550 U.S. at 555).

Fed. R. Civ. P 12(b)(6) requires that the court take the factual allegations in the complaint as true. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163 (1993). However, the court, "need not accept the legal conclusions drawn from the facts, and need not accept as true the unwarranted inferences, unreasonable conclusions or arguments." *Jordan v. Alternative Res. Corp.*, 458 F.3d 332, 338 (4th Cir. 2006).

## IV. ARGUMENT AND AUTHORITIES

### A. Plaintiff's Complaint Pleads No Facts Justifying Relief

In *Ashcroft*, the Supreme Court articulated a two step analysis for a motion to dismiss a complaint on the grounds it pled insufficient facts to state a claim. First, the court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth" that are normally accorded allegations. 129 S.Ct. at 1950. The court must keep in mind that '"[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations…threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949-50. Second, "when there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.* at 1950. However, this case fails to assert any allegations individually against Focus that are not conclusory in nature. Instead the only factual allegations made references "Defendants," but fails to delineate and specific conduct by Focus as a legal and distinct entity. *Skyventure Orlando, LLC v.*

*Skyventure Management, LLC*, 2009 WL 2496553 (M.D. Fla. Aug. 12, 2009) (using the generic label "Defendants" to describe actions by separate entities is confusing and violates Fed. R. Civ. P. 8(a) and 10(b)).

Legal Conclusions Not Entitled to the Presumption of Truth.

The first step of the Supreme Court's Ashcroft analysis states that a court should identify conclusory pleadings that are not entitled to the assumption of truth. *Id.* Essentially, these are "bare assertions …[which] amount to nothing more than a 'fomulaic recitation of the elements' of a …claim…" *Id.* at 1951 (quoting *Twombly*, 550 U.S. at 555). Based on the first step of this analysis, Defendant submits the following as conclusory pleadings not entitled to the assumption of truth:

> (para 17) – Defendant Focus Receivables Management, LLC violated § 1692e (10) by the use of any false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. Plaintiff demands judgment in the amount of $1,000.
>
> (para 23) – Defendant Focus Receivables Management, LLC violated § 559.72(7) willfully violated § 559.72(9) by claiming, attempting or threatening to enforce a debt when such persons knew that the debt was not legitimate. Plaintiff demands judgment in the amount of $1,000.

These statements are conclusory and unsupported by any factual allegations; therefore, they are not entitled to the presumption of truth. In fact, Plaintiff fails to assert any factual information regarding the alleged wrongful conduct by Focus. The only factual allegation made throughout the entire Complaint is that an unauthorized credit pull was performed in violation of the FCRA. In fact, Focus is not a party to Plaintiff's alleged Count I Violation of the FCRA. Therefore, no allegations exist to provide any basis for wrongdoing or conduct by Focus under the FCRA.

<u>Plaintiff's Claims Do Not Give Rise to a Plausible Entitlement to Relief.</u>

"Where a complaint pleads "facts" that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id* at 1949. Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n]' - that the pleader is entitled to relief." *Id.* at 1950 (citing Fed.R.Civ.P. 8(a)(2)).

Here, under the second step of the Supreme Court's analysis, Plaintiff has not shown herself plausibly entitled to any relief. Apart from her conclusory statements that the Defendant is liable, Plaintiff has not shown why she is entitled to relief or that she suffered any harm. Plaintiff "has not nudged [her] claims...across the line from conceivable to plausible." *Id.* at 1951.

Here, Plaintiff's complaint is rife with conclusory allegations without any factual support. The Complaint is devoid of any allegations as to the specific conduct, facts, dates, times or circumstances that she deems is a violation of the FDCPA and FCCPA. Rather, Plaintiff's only alludes to the conduct of other defendants and not that of Focus. For example, Plaintiff boldly asserts that Focus used false or deceptive means and knew that Plaintiff's debt was not legitimate, but does not provide any facts to warrant such accusations against Focus. Moreover, Plaintiff does not indicate the alleged misrepresentation that was made and which forms the basis of a violation. Because the Plaintiff has failed to allege sufficient facts which show her claim for relief is plausible, not mere conceivable, Plaintiff's complaint lacks the factual basis necessary to survive this Motion to Dismiss; therefore the Court should dismiss Plaintiff's complaint against Defendant Focus.

### B. Defendant Requests the Court Impose Sanctions on Plaintiff pursuant to 15 U.S.C. 1692k(a)(3) & Fla. Stat 559.77(2)

<u>Sanctions under 15 U.S.C. 1692k(a)(3)</u>

15 U.S.C. 1692k(a)(3) exists to curb abusive plaintiff's actions. *Parker v. Pressler & Pressler,* 650 F. Supp. 2d 326 (D. NJ 2009) [15 U.S.C. 1692k(a)(3) is designed to thwart efforts of a consumer to abuse the statute and avoid responsibility to pay a legitimate debt].

The statute provides,

> On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

The FDCPA does not define "bad faith." However, case law is instructive on this issue. In *Shah v. Collecto, Inc.,* 2005 WL 2216242, at * 14 (D. Md. Sept. 12, 2005), the court held that "[b]ad faith is 'not simply bad judgment or negligence, but implies the conscious doing of a wrong because of a dishonest purpose or moral obliquity; ... it contemplates a state of mind affirmatively operating with furtive design or ill will.'" (quoting *Black's Law Dictionary* 139 (6th ed.1990)). A bad-faith lawsuit is one "where the suit is so completely without hope of succeeding that the court can infer that the plaintiff brought the suit to harass ... rather than to obtain a favorable judgment." *Glick v. Koenig,* 766 F.2d 265, 270 (7th Cir.1985); *see Jacobson v. Healthcare Fin. Servs.,* 434 F.Supp.2d 133, 141 (E.D.N.Y.2006) [plaintiff's admissions at argument that he did not feel harassed by a dunning letter evidenced that plaintiff both knew that his claim was meritless and pursued it with the purpose of harassing the defendant].

Where a claim is minimally colorable, an award of sanctions under 15 U.S.C. 1692k(a)(3) is not appropriate. *Guerrero v. RJM Acquisitions, LLC*, 499 F.3d 926 (9th Cir 2007). The converse also applies. Where a complaint does not contain even colorable claims, an award of attorney's fees for a bad faith pleading is warranted.

In this case, Plaintiff fails to encompass a singular allegation against Defendant, Focus. Instead, the only factual allegation provided was the credit report pulls identified in Count I of Plaintiff's Complaint. [Doc. 1]. Those allegations were not directed toward Focus. [Doc.1 para. 10-12.]. The evidence or lack thereof is evidence of Plaintiff's knowledge and lack of merit to the pleadings. As the current Complaint pleadings before the court are ripe for dismissal, so too is plaintiff's conduct ripe for scrutiny.

Sanctions pursuant to Fla. Stat. 559.72(2)

Similar to that of the FDCPA, the FCCPA allows a defendant to recovery attorney fees and costs in an attempt to curb unsupported actions. However, unlike the statutory language of the FDCPA, the language governing the recovery of attorney's fees and costs is far less stringent than that of its counterpart. While the FDCPA requires a showing of bad faith, Florida Statute Section 559.77(2) provides in pertinent part:

> If the court finds that the suit fails to raise a justiciable issue of law or fact, the plaintiff is liable for court costs and reasonable attorney fees incurred by the defendant.

Even though debtor was not held liable for attorney's fees under Fair Debt Collection Practices Act (FDCPA), Florida Consumer Collection Practices Act did not prevent the imposition of fees for the filing of non-justiciable issues. *Conner v. BCC Financial Management Services, Inc.*, 597 F.Supp.2d 1299 (S.D. Fla. 2008). Here, the Complaint fails to allege any scintilla of evidence to support an allegation that Focus

violated the FCCPA. Absent two conclusory paragraphs, the Complaint is devoid of any basis for liability. As such, there is not a justiciable issue before the court.

## V.  CONCLUSION

In sum, Plaintiff's claims are based on conclusory allegations. Further, Plaintiff's allegations do not show that her claim for relief is plausible and not merely conceivable based upon the lack of any factual allegations against Focus. Therefore, all claims asserted by Plaintiff against Defendant Focus should be dismissed with prejudice to refiling same. Further, based upon the lack of foundation and supporting evidence to sustain a cause of action, the imposition of sanctions pursuant to the FDCPA and FCCPA are warranted.

WHEREFORE, Defendant, Focus Receivables Management, LLC., respectfully requests that this Motion to Dismiss be granted in its entirety, that the claims asserted against it be dismissed to refilling same, sanctions be imposed against the plaintiff, and for such other and further relief as it may show itself justly entitled.

Respectfully submitted this 22th day of October, 2010.

By:  s/ Matthew A. Rabin
Matthew Rabin (Florida Bar No:0810681)
mrabin@dc-atty.com
DOUBERLEY & CICERO
1000 Sawgrass Corp. Pkwy, Suite 590
Sunrise, FL 33323
(954) 838-8832 Fax (954) 838-8842
*Attorney for Focus Receivables Management, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on October 22, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ Matthew A. Rabin
Matthew Rabin

## SERVICE LIST
### DANIELLE S. TACORONTE v. FOCUS RECEIVABLES MANAGEMENT, LLC
### CASE NO. 6:10-cv-1408-Orl-18DAB
### United States District Court, Middle District of Florida

Danielle Tacoronte
TBMissions@gmail.com
2941 Tindall Acres
Kissimee, FL 34744
*Pro Se*