IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| DANIELLE TACORONTE,<br><br>**Plaintiff**<br><br>v.<br><br>ZAKHEIM & ASSOCIATES, P.A.,<br>ZWICKER & ASSOCIATES, P.C.,<br>RUBIN & DEBSKI P.A. and<br>FOCUS RECEIVABLES MANAGEMENT, LLC<br><br>**Defendants** | Case No.: 10-cv-1408-GKS-DAB<br><br>ZWICKER & ASSOCIATES, P.C.'S<br>ANSWER TO THE COMPLAINT OF<br>DANIELLE TACORONTE |

Defendant Zwicker & Associates, P.C. ("Zwicker"), a Massachusetts law firm and professional corporation, hereby responds to the Complaint filed by plaintiff Danielle Tacoronte ("Tacoronte"). Preliminarily, Zwicker states that it is a debt collection law firm retained by Zwicker's client, an original creditor, for the purpose of trying to collect monies owed to Zwicker's client on Tacoronte's account.

First Defense

1. To the extent that Zwicker is required to admit or deny the allegations contained in this paragraph, Zwicker denies them.

2. Zwicker admits that this Court has jurisdiction over this matter.

3. Zwicker admits that venue is proper in this district.

4. To the extent that Zwicker is required to admit or deny the allegations contained in this paragraph, Zwicker denies that it is liable to the plaintiff and denies that the plaintiff has incurred any damages.

5. Zwicker admits the allegations contained in this paragraph.

6. Zwicker admits that it is a law firm and professional corporation organized under the laws of the state of Massachusetts with a principal place of business at 80 Minuteman Road, Andover, MA 01810 and a Florida branch office located at 3030 Hartley Road, Suite 150, Jacksonville, FL 32257.

7. Zwicker lacks knowledge of information sufficient to firm a belief as to the truth of the allegations contained in this paragraph.

8. Zwicker lacks knowledge of information sufficient to firm a belief as to the truth of the allegations contained in this paragraph.

9. Zwicker lacks knowledge of information sufficient to firm a belief as to the truth of the allegations contained in this paragraph.

10. Zwicker denies the allegations contained in this paragraph. Further answering, Zwicker states that on March 15, 2010, shortly after Tacoronte's account was placed with Zwicker for collection, Zwicker obtained a copy of Tacoronte's credit report as part of Zwicker's effort to collect the debt that Tacoronte owes to Zwicker's client. Zwicker states that it was permissible for Zwicker to pull a Tacoronte's credit report in connection with Zwicker's review or collection of Tacoronte's account. *See* 15 U.S.C. 1681b(a)(3)(A) . . . any consumer reporting agency may furnish a consumer report under the following circumstances and no other . . . to a person which it has reason to believe . . intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, *or review or collection of an account of, the consumer*) (emphasis added).

11. Zwicker lacks knowledge of information sufficient to firm a belief as to the truth of the allegations contained in this paragraph.

12. Zwicker lacks knowledge of information sufficient to firm a belief as to the truth of the allegations contained in this paragraph.

Responding to the plaintiff's prayer for relief, Zwicker denies that it is liable to the plaintiff or that the plaintiff is entitled to recover any damages, attorney's fees or costs.

13. Zwicker admits the allegations contained in this paragraph.

14. Zwicker denies the allegations contained in this paragraph.

15. Zwicker lacks knowledge of information sufficient to firm a belief as to the truth of the allegations contained in this paragraph.

16. Zwicker lacks knowledge of information sufficient to firm a belief as to the truth of the allegations contained in this paragraph.

17. Zwicker lacks knowledge of information sufficient to firm a belief as to the truth of the allegations contained in this paragraph.

Responding to the plaintiff's prayer for relief, Zwicker denies that it is liable to the plaintiff or that the plaintiff is entitled to recover any damages, attorney's fees or costs.

18. Zwicker incorporates by reference its responses to paragraphs 1 through 17 above as if fully set forth herein.

19. Zwicker admits the allegations contained in this paragraph.

20. Zwicker lacks knowledge of information sufficient to firm a belief as to the truth of the allegations contained in this paragraph.

21. Zwicker lacks knowledge of information sufficient to firm a belief as to the truth of the allegations contained in this paragraph.

22. Zwicker denies the allegations contained in this paragraph.

23. Zwicker lacks knowledge of information sufficient to firm a belief as to the truth of the allegations contained in this paragraph.

Responding to the plaintiff's prayer for relief, Zwicker denies that it is liable to the plaintiff or that the plaintiff is entitled to recover any damages, attorney's fees or costs.

### Second Defense

The Complaint should be dismissed pursuant to FRCP 12(b)(6) for failure to state a claim upon which relief may be granted.

### Third Defense

Tacoronte's claims are or may be barred by applicable statutes of limitation.

### Fourth Defense

If any violation of any applicable law occurred, such violation was the result of a bona fide error, notwithstanding the maintenance of procedures reasonably adopted to avoid such error.

### Fifth Defense

If Tacoronte has incurred any harm or damages, which Zwicker denies, such harm or damage was caused by Tacoronte herself or by other persons for whose conduct Zwicker is not responsible.

### Sixth Defense

If Tacoronte has incurred any harm or damages, she has failed to take reasonable action to mitigate her alleged damages.

### Seventh Defense

Tacoronte has waived her claims.

Eighth Defense

Tacoronte is estopped from asserting her claims.

Ninth Defense

As of this time, Zwicker has not yet had the opportunity to discover facts relevant to Tacoronte's claims or as to other potential defenses to those claims. On that basis, Zwicker reserves its right to seek to amend to assert additional defenses.

WHEREFORE, Zwicker respectfully requests that this Court

1. Enter judgment in Zwicker's favor as to all of Tacoronte's claims;

2. Award Zwicker its attorney's fees and costs incurred in defending this action; and

3. Award Zwicker such other and further relief as this Court may deem just and proper.

Dated: October 26 2010

ZWICKER & ASSOCIATES, P.C.

/s/ G. Michael Samples, II

G. Michael Samples II
Zwicker & Associates, P.C.
3030 Hartley Road, Suite 150
Jacksonville, FL 32257
Phone: (904) 262-7760
Fax: (904) 262-7757
Florida Bar #
gmsamples@zwickerpc.com