# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

DANIELLE S. TACORONTE,

                **Plaintiff,**

-vs-                                       **Case No.  6:10-cv-1408-Orl-18DAB**

ZAKHEIM & ASSOCIATES, P.A.,
ZWICKER & ASSOCIATES, P.C., RUBIN
& DEBSKI, P.A., FOCUS RECEIVABLES
MANAGEMENT, LLC,

                **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration on the Court's own initiative.  Plaintiff filed suit under the Fair Credit Reporting Act, the Fair Debt Collection Practices Act, and the Florida Consumer Collection Practices Act against four separate Defendants, alleging that they "initiat[ed] credit report pulls with no permissible purpose from the credit bureaus therefore lowering Plaintiff's credit score." (Doc. No. 1).  The allegations are similar to those found in another case brought by Jesus Tacoronte of the same address.  *See Jesus Tacoronte v. Collection Company of America, et al.,* Case No. 6:10cv1477-Orl-JA-DAB.  For the reasons that follow, it is respectfully **RECOMMENDED** that Plaintiff's claims against the various Defendants be **SEVERED** and she be ordered to file separate actions against each Defendant.

As set forth in the Report and Recommendation issued in *Tacoronte v. Collection Company of America*, pursuant to Federal Rule of Civil Procedure 20, which allows permissive joinder of claims, a plaintiff may join claims against defendants if the claims "aris[e] out of the same transaction,

occurrences, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action." FED. R. CIV. P. 20(a). A party seeking joinder of claimants under Rule 20 must establish two prerequisites: (1) a right to relief arising out of the same transaction or occurrence, or series of transactions or occurrences, and (2) some question of law or fact common to all persons seeking to be joined. *Alexander v. Fulton County*, 207 F.3d 1303, 1323 (11th Cir. 2000), *overruled on other grounds, Manders v. Lee,* 338 F.3d 1304 (11th Cir. 2003). The central purpose of Rule 20 is to promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits. *Id.* The purpose of the Rule is to entertain "the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966).

Although the preconditions for permissive joinder are construed generously to permit the broadest scope of action commensurate with traditional notions of justice and fair play, the Court possesses equally broad discretion to sever parties based on misjoinder. *See Alexander*, 207 F.3d at 1323. Rule 20(b) and Rule 42(b) vest in the district court the discretion to order separate trials or make such other orders as will prevent delay or prejudice. *Id.* "All logically related events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence." *Id.* The determination of whether the situation constitutes the same transaction or occurrence for purposes of Rule 20 is determined on a case by case basis. *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974).

The transactional test requires that, to be joined, parties must assert rights, or have rights asserted against them, that arise from related activities – a transaction or an occurrence or a series of such. Courts look at each case individually to determine whether the claims are logically related, thereby allowing "all reasonably related claims for relief by or against different parties to be tried in

a single proceeding." *See* 7 CHARLES ALAN WRIGHT, ARTHUR R. MILLER &MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE 2D § 1653.  Here, the record indicates that the parties and claims are not reasonably related or properly joined.

The four Defendants' individual initiation of separate "credit report pulls" of Plaintiff's credit over a period of many months fails to satisfy the standards established by Federal Rule of Civil Procedure 20 because theses acts do not arise out of the same transaction, occurrence, or series of transactions or occurrences.  The record is bereft of any allegation that the four Defendants are jointly or severally liable to Plaintiff other than each Defendant initiated a credit bureau pull.  Based on Plaintiff's Complaint, the only commonality that these Defendants share is that they each independently initiated credit report pulls allegedly without a proper purpose or authorization.  This is insufficient to satisfy the law of permissive joinder.  Simply because these four unrelated Defendants may have sought credit bureau information on her at unrelated times does not mean that her claims against them arise out of the same transaction or occurrence or are logically related.

As the Court observed in *Tacoronte v. Collection Company of America*, "[t]o view this scenario as satisfying the same transaction or occurrence standard would effectively nullify that test. When the meaning of a rule or statute is clear and unambiguous it must be given effect.  Federal Rule of Civil Procedure 20 refers to the same transaction or occurrence not to similar transactions or occurrences." *Tacoronte,* Case No. 6:10cv1477-JA-DAB, Report and Recommendation (Doc. No. 12) *adopted by the District Court* at Order dated November 29, 2010 (Doc. No. 13).

Due to the lack of an uniformity between the Defendants, the absence of any allegation attesting to joint action other than Defendants' separate initiation of credit report pulls, and the lack of any connective nexus among the Defendants, Plaintiff has not satisfied the preconditions for permissive joinder set forth in Federal Rule of Civil Procedure 20.  It is it is respectfully

**RECOMMENDED** that Plaintiff's claims against the various Defendants be **SEVERED** and she be ordered to file a separate action against each Defendant, with this action continuing only as to the first named defendant.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 30, 2010.

_David A. Baker_

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy